09-2812-ag
Liu v. Holder

BIA
Balasquide, IJ
A 077 927 830

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand ten.

PRESENT:
>    JON O. NEWMAN,
>    ROBERT D. SACK,
>    REENA RAGGI,
>        *Circuit Judges*.

_____

XIU JUAN LIU,
>        *Petitioner*,

>        v.                                        09-2812-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Keith I. McManus, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Xiu Jian Liu, a native and citizen of the People's Republic of China, seeks review of a June 17, 2009, order of the BIA affirming Immigration Judge ("IJ") Javier Balasquide's December 20, 2007, denial of her motion to reopen. *In re Xiu Jian Liu,* No. A 077 927 830 (B.I.A. June 17, 2009), *aff'g* No. A 077 927 830 (Immig. Ct. N.Y. City Dec. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The agency did not abuse its discretion in denying Liu's untimely motion to reopen. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *see also* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). We have previously reviewed the agency's consideration of evidence similar to that which Liu submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or an alien's *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Moreover, despite Liu's argument, we are not

compelled to conclude that the agency failed to adequately consider the evidence she presented. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (holding that we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). That determination was alone dispositive of Liu's motion to the extent it was based on the birth of her two U.S. citizen children. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA also did not abuse its discretion in finding that Liu failed to exercise due diligence in pursuing her claim for ineffective assistance of counsel. Liu bore the burden of demonstrating that she acted with due diligence. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006). In her motion to reopen, she stated that she learned of her former attorney's failure to notify her of her hearing date on May 16, 2002. However, she did not file her motion to reopen until November 2007, more than five years later. *See Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (holding that the petitioner failed to show due diligence when eight months elapsed between the discovery of the ineffective assistance and the filing of a motion to reopen); *Cekic*, 435 F.3d at 171-72 (holding that a two year delay between the time petitioners learned of their

removal order and filed a motion to reopen constituted a lack of diligence); *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (holding that petitioner failed to demonstrate due diligence when he waited fourteen months after learning of the ineffective assistance of counsel before contacting another attorney). Although Liu stated that she "consulted several other lawyers," she presented no evidence that this was so, much less when these alleged consultations occurred. Therefore, the agency's finding that Liu failed to demonstrate due diligence was not "arbitrary or capricious." *Ke Zhen Zhao*, 265 F.3d at 93; *Cekic*, 435 F.3d at 171.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-